```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,          )
------------------- Plaintiff,     )  Miami, Florida
                                   )
                                   )
                                   )
                                   )
      vs.                          )      Case No.
                                   )  08-20436-CR-DLG
                                   )
                                   )
CARLOS FLORES LOPEZ,               )
------------------- Defendant.     )  PAGES 33 THROUGH 47
```

                           VOLUME 2
                   TRANSCRIPT OF SENTENCING

              BEFORE THE HONORABLE DONALD L. GRAHAM
                  UNITED STATES DISTRICT JUDGE

                  JANUARY 19, 2010, 4:07 P.M.


APPEARANCES:

For the Plaintiff:      Ms. Andrea Hoffman, AUSA
                        OFFICE OF U.S. ATTORNEY
                        99 N.E. 4th Street
                        Miami, Florida  33132


For the Defendant:      Mr. Gregory A. Samms, Esq.
                        LAW OFFICE OF GREGORY A. SAMMS
                        225 Alcazar Avenue
                        Coral Gables, Florida  33134


Court Reporter:         Carly L. Horenkamp, RMR, CRR
                        U.S. District Court
                        400 N. Miami Avenue, Room 13-4
                        Miami, Florida  33128
                        (305) 523-5138

```
 1            (In Open Court, 4:07 p.m.)
 2                 COURTROOM DEPUTY:  United States versus Carlos Flores
 3       Lopez, 08-20436-Criminal-Graham.
 4                 THE COURT:  Appearances, please.
 5                 MS. HOFFMAN:  Andrea Hoffman for the U.S. Attorney's
 6       Office, Your Honor.  Good afternoon.
 7                 THE COURT:  Good afternoon.
 8                 MR. SAMMS:  Good afternoon, Your Honor.  Gregory Samms
 9       on behalf of Carlos Flores Lopez.
10                 THE COURT:  Good afternoon.
11                 And from the probation office?
12                 PROBATION OFFICER:  Good afternoon, Your Honor.  Wendy
13       Squitero on behalf of U.S. Probation.
14                 THE COURT:  All right.  This sentencing was continued
15       in order to afford the parties an opportunity to present
16       additional evidence regarding the quantities of cocaine and
17       heroin that should be utilized to formulate the guidelines.
18       The Court received a pleading from the government and, of
19       course, with attached exhibits from the trial transcript.  I
20       have reviewed the government's position.
21                 Defense, what is your position?
22                 MR. SAMMS:  Your Honor, I also filed a response to the
23       government's position.  I don't know if the Court has had an
24       opportunity to --
25                 THE COURT:  I don't think I've received anything
```

1    from --

2         MR. SAMMS:  It was docket entry -- I don't have a

3    docket entry on mine.

4         PROBATION OFFICER:  473, Your Honor.

5         THE COURT:  When was it filed?

6         MR. SAMMS:  This morning.

7         THE COURT:  Oh, well, that's why we haven't received

8    it.  All right.  Let me take a moment to review it.

9      (Pause.)

10        THE COURT:  In response to the testimony of John

11   Lopez, the defense in paragraph 5 cites a question purportedly

12   from the transcript wherein Mr. Lopez stated that he would

13   never look at the bags, he would never rip open the plastic.

14   We would never see what the amount of drugs was.

15        What is the government's response to paragraph 5 of

16   their submission?

17        MS. HOFFMAN:  It's a quote, in fact, from government's

18   exhibit that we attached, Your Honor, and it's accurate

19   testimony.  John Lopez did not open the bags, which is why

20   Mauricio Bedoya is the person who testified for the quantity of

21   drugs that he shipped, and the quantities that he testified is

22   consistent with the quantities that were seized.

23        THE COURT:  And so your position is that this

24   paragraph really has no impact on the actual quantity.

25        MS. HOFFMAN:  Correct, sir.  Thank you.

1    THE COURT:  What was the amount that was attributed to

2    the codefendants?

3    MS. HOFFMAN:  Your Honor, I believe it was

4    18 kilograms of heroin and 6 kilograms of cocaine, Your Honor.

5    THE COURT:  Which provided for a total offense level

6    of what?

7    MS. HOFFMAN:  He had a sentence of 108 months without

8    cooperation with acceptance of responsibility, Your Honor, and

9    safety valve.  I don't have his PSI, so I'm flipping back

10   through to see if I can tell Your Honor.

11   MR. SAMMS:  I think I have it, Judge, in my argument,

12   final drug calculations.

13   MS. HOFFMAN:  I don't know what level that translated

14   into, I apologize, Your Honor.  I just know he --

15   MR. SAMMS:  Level 16, Judge.  If you look on -- on my

16   argument where I have final drug calculations, in that second

17   paragraph sums up what the codefendant received, which is a

18   Level 16.

19   THE COURT:  He was entitled to the safety valve,

20   correct?

21   MS. HOFFMAN:  He was entitled to safety valve, Your

22   Honor, and he was entitled -- and he got three points of

23   acceptance of responsibility.  So he had a five-point

24   reduction.  It should have been a Level 36, Your Honor, not 16.

25   For 18 kilograms of heroin, it should have been a Level 36.

1       THE COURT:  And a Level 36 guideline range is 188 to

2  235?

3       MS. HOFFMAN:  Yes, sir, Your Honor.  This defendant

4  would be a Level 38, based on one of the rulings that the Court

5  gave last week, though, because of the role.  So if the Court

6  uses that drug calculation, this defendant would still be a

7  Level 38, which is what gets him to 235 to 293, with the

8  special skill, two-point enhancement the Court gave last -- two

9  weeks ago.

10      THE COURT:  The decision at this stage of the

11  proceedings requires the government to prove its case by a

12  preponderance of the evidence; is that correct?

13      MS. HOFFMAN:  Yes, sir, it does.

14      THE COURT:  Of course, that is more likely than not.

15  And given the testimony of the witnesses in this cause, the

16  Court finds that the government has met its burden of proof

17  utilizing the preponderance of the evidence standard as to the

18  quantities that should be attributable to the defendant in this

19  cause.

20      Given that ruling, the government's position is the

21  quantity should be 35.7 kilograms of heroin and 4 kilograms of

22  cocaine.  Is that accurate?

23      MS. HOFFMAN:  Yes, it would be, Your Honor.

24      THE COURT:  And the base offense level with the

25  enhancements would be what, Counsel?

1    MS. HOFFMAN:  The narcotics would be 38.  With the

2    two-point special enhancement from last -- from the fourth

3    sentencing hearing, it would be a total of a 40, Your Honor.

4         THE COURT:  And the guideline range?

5         MS. HOFFMAN:  The guideline range is -- I apologize,

6    Your Honor.

7         PROBATION OFFICER:  I have it, Your Honor, it's 292

8    months to 365 months.

9         MS. HOFFMAN:  Thank you.

10        THE COURT:  Very well.  The Court adopts the

11   presentence report as the findings of fact and conclusions of

12   law.

13        Are there additional objections to the report?

14        MR. SAMMS:  Your Honor, all the objections that I

15   have, I had filed and you had, at our last sentencing, gone

16   through all of the objections.

17        THE COURT:  Anything other than those issues?

18        MR. SAMMS:  Other than those issues, the other

19   argument I would have would be contained in my sentencing

20   memorandum.

21        THE COURT:  All right.  I'll address that in just a

22   moment.

23        The Court adopts the presentence report as the

24   findings of fact and conclusions of law.  At this time the

25   Court affords the parties an opportunity to present matters

1    regarding an appropriate sentence.  First we will hear from the

2    government, followed by the defense.

3            MS. HOFFMAN:  Your Honor, we would ask that the Court

4    sentence this defendant within the guideline range the Court

5    has just found to be the applicable advisory range.  We do feel

6    that in the light of the range that is found, that a sentence

7    at the bottom of the range would be more than sufficient to

8    hold this defendant accountable for his conduct.

9            THE COURT:  Defense.

10           MR. SAMMS:  Yes, Your Honor.  Initially when we first

11   had this sentencing hearing, I made arguments in regards to the

12   defendant's age, not to get him that particular enhancement

13   under that provision, but to point out to the Court that the

14   recidivism statistics show that gentlemen of the age of

15   Mr. Lopez, who is now 50 years old, have a very small rate of

16   recidivism, especially when they don't have any criminal

17   history points.  I made all the arguments and gave the Court

18   the empirical studies citing to those statistics in my

19   memorandum.

20           That being the case, Judge, and considering the 3553

21   factors, I would like the Court to consider that any sentence,

22   with his life expectancy being 80, any -- a ten-year sentence

23   would be 30 percent of his life expectancy, and it goes up

24   after that.  So considering where we begin, I think that the

25   guideline range as it stands now, now that the Court has

1    adopted the government's position on what the guideline range

2    should be, is extremely harsh.

3         And we compared that with the guideline range that

4    John Lopez received, and the government argued throughout this

5    case that John Lopez and Carlos Lopez were one person, that

6    they acted in concert, that John Lopez says he couldn't do

7    anything without Carlos Lopez, yet John Lopez has been given a

8    much lesser drug amount, which I have objected to and which I

9    pointed out in my memorandum as well.

10        We would ask the Court to consider the disparity in

11   sentencing at this point, consider the age factors, consider

12   the fact that Mr. Lopez has worked for many years at American

13   Airlines prior to this incident coming into fruition.  Consider

14   the letters of support that was sent to the Court that I filed

15   from his fellow employees at American Airlines who gave a long

16   list of signatures in support of Mr. Lopez, indicating that

17   when the Court is to consider how much time to grant Mr. Lopez,

18   that he is not someone that comes from a background that has no

19   brightness, no light, no ability to rehabilitate, no -- you

20   can't look at his history and say he's never contributed to

21   society.  He's been a family man, raised his family, raised his

22   children, married, and has had all the accouterments of a

23   stable life that would -- he could return to if he were to

24   receive a reasonable sentence.  So I'd ask the Court to

25   consider all these factors that I put in my memorandum and

1    these particular arguments as well.  Thank you, Your Honor.

2              THE COURT:  Once again, would you give me the

3    comparative guidelines with the codefendant?

4              MS. HOFFMAN:  Your Honor, the codefendant, after all

5    reductions, was a sentencing range of the bottom of which was

6    108 months, which is the sentence that he received.

7              THE COURT:  But that was because of cooperation?

8              MS. HOFFMAN:  No, that was just acceptance and safety

9    valve, Your Honor.

10             THE COURT:  Let's omit safety valve, let's omit --

11             MS. HOFFMAN:  It was 188 months to --

12             THE COURT:  Which was a Level 36, correct?

13             MS. HOFFMAN:  Yes, sir.

14             THE COURT:  All right.

15             MS. HOFFMAN:  188 to 235, Your Honor, which would have

16   been close to the range prior to the two-point enhancement.

17             THE COURT:  And he did not receive any enhancements;

18   is that correct?

19             MS. HOFFMAN:  I do not believe he did.

20             Your Honor, if I may address just one point of that

21   argument, unless the Court doesn't need anything.

22             THE COURT:  You may speak.

23             MS. HOFFMAN:  The difference in the guideline ranges

24   is driven largely, but not entirely, by the difference in the

25   drug amounts.  And the difference in the drug amounts occurs

```
 1    because after the time that this case was indicted,

 2    codefendants who were out of the country and not able to be

 3    witnesses or supportive --

 4              THE COURT:  But you would agree that the codefendant

 5    was involved in the same quantities as this defendant, would

 6    you not?

 7              MS. HOFFMAN:  Yes, I would, Your Honor.

 8              THE COURT:  All right.  That's --

 9              MS. HOFFMAN:  But the codefendant is responsible for

10    providing the information that gave us the ability to prosecute

11    loads we could not have prosecuted without him.  And so he got

12    a benefit for that.  Because he did --

13              THE COURT:  Of course.

14              MS. HOFFMAN:  -- come forward with loads that we did

15    not know about.  We didn't have the ability to prove the

16    successfully delivered loads until John Lopez gave us the

17    information to then be able to gather supporting testimony and

18    documents.

19              THE COURT:  Of course, but my point is that the

20    codefendant was involved in the same conduct as this defendant.

21    Would you agree with that statement?

22              MS. HOFFMAN:  Had John Lopez have gone to trial, he

23    would be facing a sentence of 290 months as well, I agree, or

24    close to that.

25              THE COURT:  All right.  Anything further by the
```

1    parties?

2                MS. HOFFMAN:  No, Your Honor.

3                MR. SAMMS:  No, Your Honor.

4                THE COURT:  The Court has considered the statements of

5    all parties, the presentence report which contains the advisory

6    guidelines, and the statutory factors.

7                The Court believes that a significant sentence is

8    sufficient in this cause and will be sufficient, as it will

9    provide just punishment and an adequate deterrence.

10               The Court has considered the 3553(a) factors and, of

11   course, the Court shall consider the nature and circumstances

12   of the offense and the history and characteristics of the

13   defendant.  The quantity of drug in this particular case was

14   extremely high and yet the Court notes the defendant had no

15   prior significant criminal history.

16               The Court needs to consider the need for the sentence

17   to be imposed which will reflect the seriousness of the offense

18   and to promote respect for the law and to provide just

19   punishment.  Moreover, the Court needs to consider adequate

20   deterrence to criminal conduct and to protect the public from

21   further crimes of the defendant.  The Court also needs to

22   consider the defendant being provided with needed education or

23   vocational training, medical care, et cetera.  The Court notes

24   that this case was presented by the government and the jury

25   made a determination beyond a reasonable doubt that the

1    defendant was involved in the conspiracy as charged.

2           The guidelines in this case are significant, as they

3    should be.  The Court notes that there was a codefendant in

4    this cause who received a sentence of 108 months, in large part

5    because he cooperated with the government and was also entitled

6    to certain reductions that the defendant was not entitled to.

7           The Court believes that in order to have a fair and

8    just system, the Court should consider the criminal conduct of

9    all of the parties in this cause and to have just, fair, and

10   equitable treatment for similar conduct.  The Court has

11   determined that a sentence below the guideline range is

12   appropriate.  The Court has determined that the guidelines

13   should be computed at a Level 38.

14          It is the judgment of the Court that the defendant,

15   Carlos Flores Lopez, is committed to the Bureau of Prisons to

16   be imprisoned for 235 months as to Counts 1, 2, 3, 13, 14, and

17   15, to be served concurrently.

18          Upon release from imprisonment, the defendant shall be

19   placed on supervised release for a term of five years.  This

20   term consists of five years as to Counts 1, 2, 3, 13, and 14,

21   and four years as to Count 15, all terms to run concurrently.

22          Within 72 hours of release from the custody of the

23   Bureau of Prisons, the defendant shall report in person to the

24   probation office in the district where released.

25          While on supervised release, the defendant shall not

1    commit any crimes, shall be prohibited from possessing a

2    firearm or other dangerous devices, he shall not possess a

3    controlled substance, he shall cooperate in the collection of

4    DNA, and shall comply with the standard conditions of

5    supervised release, including the following special conditions:

6    The financial disclosure requirement and employment requirement

7    as noted in Part G of the presentence report.

8            A special assessment of $100 as to each of Counts 1,

9    2, 3, 13, 14, and 15, for a total of $600, is due immediately.

10           The total sentence in this cause, 235 months

11   imprisonment, five years supervised release, and a $600 special

12   assessment.

13           Now that sentence has been imposed, does the defendant

14   or his counsel object to the Court's finding of fact or to the

15   manner in which sentence was pronounced?

16           MR. SAMMS:  No, Your Honor.

17           THE COURT:  Mr. Lopez, you do have the right to appeal

18   the conviction and sentence imposed.  You have raised a number

19   of objections.  Those objections, of course, are preserved.

20   Any notice of appeal must be filed within ten days of the date

21   the judgment is entered.  If you are unable to pay the costs of

22   an appeal, you may apply to proceed in forma pauperis.  Do you

23   understand your appellate rights, Mr. Lopez?

24           THE DEFENDANT:  Yes, Your Honor.

25           THE COURT:  Additional matters by the government?

```
 1              MS. HOFFMAN:  No, Your Honor.

 2              THE COURT:  Additional matters by the defense?

 3              MR. SAMMS:  No, Your Honor, other than is the Court

 4     appointing me to represent Mr. Lopez as well on the appeal or

 5     no?

 6              THE COURT:  Mr. Lopez, is it your desire to have

 7     Mr. Samms represent you during the appeal in this cause?

 8              THE DEFENDANT:  Your Honor, I think I would like the

 9     Court to appoint Mr. Samms to my -- to my case.

10              THE COURT:  Very well.  Mr. Samms, you should file the

11     notice of appeal forthwith.

12              MR. SAMMS:  Yes, Your Honor.

13              THE COURT:  Thank you very much.  We are in recess in

14     this cause.

15              MS. HOFFMAN:  Thank you, Your Honor.

16              THE COURT:  Good day.

17         (Proceedings concluded at 4:30 p.m.)

18                        *   *   *   *   *

19

20

21

22

23

24

25
```

```
 1  UNITED STATES OF AMERICA                    )
                                                )   ss:
 2  SOUTHERN DISTRICT OF FLORIDA                )

 3

 4                    C E R T I F I C A T E

 5      I, Carly L. Horenkamp, Certified Shorthand

 6  Reporter in and for the United States District Court for the

 7  Southern District of Florida, do hereby certify that I was

 8  present at and reported in machine shorthand the proceedings

 9  had the 19th day of January, 2010, in the above-mentioned

10  court; and that the foregoing transcript is a true, correct,

11  and complete transcript of my stenographic notes.

12      I further certify that this transcript contains

13  pages 33 - 47.

14      IN WITNESS WHEREOF, I have hereunto set my hand at Miami,

15  Florida, this 14th day of May, 2010.

16

17

18              s/ Carly Horenkamp

19              Carly L. Horenkamp, RMR, CRR
                Certified Shorthand Reporter

20

21

22

23

24

25
```